# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY K. GILLETTE, | |
| Petitioner, | CIVIL ACTION NO. 3:11-CV-1838 |
| v. | (JUDGE CAPUTO) |
| KENNETH R. CAMERON, et al., | (MAGISTRATE JUDGE BLEWITT) |
| Respondents. | |

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Blewitt, recommending that Petitioner Gregory K. Gillette's Habeas Petition be dismissed without prejudice to re-file after exhausting all state court remedies with respect to his claims. Although Gillette has not fully exhausted his state court remedies, a stay and abeyance on his Habeas Petition may be warranted if his Petition is deemed to be timely filed. Therefore, the Court will reject the Report and Recommendation insofar as it recommends dismissing Gillette's Petition and will remand the matter to Magistrate Judge Blewitt for further proceedings.

## BACKGROUND

Petitioner Gregory K. Gillette has filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his 2006 Lebanon County Court of Common Pleas convictions. (Pet., Doc. 1.) Currently, Gillette is an inmate at the State Correctional Institution at Cresson, Pennsylvania. Petitioner has paid the filing fee in this matter. Named as respondents are the Warden at SCI Cresson, Kenneth R. Cameron, and the Attorney General for the Commonwealth of Pennsylvania.

On August 9, 2006, Gillette was found guilty of robbery, theft, simple assault, and conspiracy by the Lebanon County Court of Common Pleas. *See Commonwealth v. Gillette*, CP–38–CR–0000187–2006 (Lebanon Ct. Com. Pl .) (docket sheet).[1] On October 11, 2006, Gillette was sentenced to 24 to 60 years imprisonment. (*Id.*) Gillette filed a direct appeal to the Superior Court of Pennsylvania, which affirmed his conviction on January 12, 2009. *See Commonwealth v. Gillette*, No 161 MDA 2008 (Pa.Super.) (docket sheet). Gillette sought no further review by a higher state court.

On January 11, 2010, Gillette filed a Post Conviction Relief Act ("PCRA") Petition with the Lebanon County Court of Common Pleas. 42 Pa.C.S. §§ 9541–9546. This petition was denied on December 20, 2010. *See Commonwealth v. Gillette*, CP–38–CR–0000187–2006 (Lebanon Ct. Com. Pl .) (docket sheet). Gillette filed an appeal with the Superior Court of Pennsylvania, which affirmed the denial of his Petition on August 15, 2011. *See Commonwealth v. Gillette*, 32 A.3d 834 (Table, No. 87 MDA 2011). Gillette then filed a Petition for Allowance of Appeal before the Supreme Court of Pennsylvania, which remains pending today. *See Commonwealth v. Gillette*, 634 MAL 2011 (Pa.) (docket sheet).

The subject of the instant matter, Gillette's Section 2254 Habeas Petition, was filed on October 5, 2011. It alleges: (1) that trial and appellate counsel were ineffective in failing to call alibi witnesses; (2) that the prosecution knowingly presented false and misleading testimony; (3) that trial and appellate counsel were ineffective in preventing the Commonwealth's improper reference to evidence not of record; and (4) that his sentence is

---

[1] The Court takes judicial notice of the Pennsylvania state court docket sheets in this matter, which are available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

in violation of the double jeopardy clause. Although Gillette's PCRA action is currently pending before the Pennsylvania Supreme Court, Gillette noted in his Section 2254 Petition that he was "filing this protective Habeas Corpus because he has only one day to toll the statute of limitations." (Pet. at ¶ 18, Doc. 1.) Magistrate Judge Blewitt reviewed the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] He determined that Gillette's claims were not exhausted in the state courts, and that, due to tolling during the pendency of the state court actions, Gillette had one month remaining in which to file a renewed Section 2254 petition. (Report and Recommendation at 3, 7-8, Doc. 5.) Gillette objects that such exhaustion is required, stating that he is "only required to afford state courts a fair opportunity to pass judgment on his allegations of constitutional violations." (Objection at ¶ 15, Doc. 6.) He also argues that Magistrate Judge Blewitt should have elected to hold his Petition in "stay and abeyance." (Id. at ¶ 17.)

## DISCUSSION

**I. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829

---

[2]Rule 4 provides, in relevant part, that: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the Report and Recommendation to which the Petitioner objects *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

## II. Analysis

### A.     Requirements of Exhaustion

Gillette first argues that the exhaustion requirements for his Section 2254 Motion have been met as he is "only required to afford state courts a fair opportunity to pass judgment on his allegations of constitutional violations." (Objection at ¶ 15, Doc. 6.) Section 2254 requires that "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, pursuant to Pennsylvania Supreme Court Order 218,[3] petitions for allowance of appeal to the Pennsylvania Supreme Court are not necessary for exhaustion as they are deemed "'unavailable' for purposes of exhausting state court remedies under § 2254(c)." *Boyd v. Waymart*, 579 F.3d 330, 368 (3d Cir. 2009) (quoting *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir.2004)). Yet, although a petitioner is not

---

[3] *In re: Exhaustion of State Remedies in Criminal and Post Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Order 218).

required to seek appeal in the Pennsylvania Supreme Court, once they do, "the exhaustion requirement applies." *Steckley v. Cameron*, Civ. No. 1:11-CV-1417, 2011 WL 5239211 at *2 (M.D. Pa. Nov. 01, 2011); *Soto v. Wynder*, Civ. Act. No. 07-4720, 2008 WL 249816 at *1-2 (E.D. Pa. Jan. 29, 2008) (adopting a report and recommendation dismissing the petitioner's Section 2254 petition as premature where, as here, the petitioner's PCRA claim was concurrently seeking allowance of appeal before the Supreme Court of Pennsylvania). Here, as Gillette's Allowance of Appeal on his PCRA claim is still pending before the Supreme Court of Pennsylvania, exhaustion is not satisfied.

To the extent Gillette cites *Mayberry v. Petsock*, 821 F.2d 179 (3d Cir. 1987), that reliance is unwarranted. *Mayberry* held that "a habeas petitioner may be excused from exhausting state remedies by showing that obstruction by state officials prevented pursuit of those remedies." *Id.* at 187. However, *Mayberry* ultimately did not grant such an excuse, holding that "allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." *Id.* Here, Gillette alleges no facts excusing exhaustion, and the mere fact that his voluntary appeal to the Pennsylvania Supreme Court is still pending is not alone sufficient. It is clear that, in accordance with Magistrate Judge Blewitt's Report and Recommendation, Gillette has failed to exhaust his state law remedies in respect to his Section 2254 Petition.

**B.   Issuance of a "Stay and Abeyance"**

Gillette argues that, even if his Petition is untimely, that a stay and abeyance is appropriate in these particular circumstances.

A stay and abeyance allows a district court to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This procedure evolved partially in response to the one-year filing period for habeas petitions mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which could bar federal review of habeas petitions for petitioners required to return to state court and exhaust. *Id.* at 274-75; 28 U.S.C. §2244(d)(1). Of course, the limitations period is tolled while the state court remedies are exhausted. 28 U.S.C. § 2244(d)(2).

Stay and abeyance should be employed sparingly as it has the potential to undermine the rationale of the AEDPA's statute of limitations, as well as the general purposes of exhaustion. *Rhines*, 544 U.S. at 277. First, the tolling afforded by the statute "encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a 'properly filed application for State post-conviction or other collateral review' is pending." *Id.* at 276. Additionally:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* (citation omitted). Thus, while stay and abeyance can be appropriate, it "should be available only in limited circumstances," in particular "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Specifically, *Rhines* concerned the case of a "mixed" habeas petition–where some of

6

the claims before the court were exhausted and others were not. *Id.* at 272. Moreover, as the 1-year limitations period had run out for that petitioner, dismissing all of the claims would have precluded him from refiling after exhausting in the state courts. *Id.* In *Heleva v. Brooks*, the Third Circuit reiterated the three requirements for such a stay: "good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." 581 F.3d 187, 192 (3d Cir. 2009). *Heleva also* acknowledged that good cause could "at least encompass more than mixed petitions," *Id.* at 192 n.3, and the Supreme Court has suggested that a petitioner could insure against tolling in the face of improperly filed state court applications "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Here, Gillette's appeal for a stay and abeyance is based in a good cause concern that dismissal would work to practically prevent his later refiling of a habeas petition. As an initial matter, I do not concur with Magistrate Judge Blewitt's assessment that Gillette–with one month remaining on his Section 2254 limitations period–"will have sufficient time remaining . . . to fully exhaust his state remedies regarding his present habeas claims." (Report and Recommendation at 8, Doc. 5.) Though a close determination, having only one month to file is cutting it too close, especially in light of the sort of issues that can arise within the prison system as to legal mail, logistics, and access to legal materials. Furthermore, allowing Gillette such a stay and abeyance where a final appeal determination is currently pending before the Pennsylvania Supreme Court would do little to undermine finality or to discourage a timely disposition. Instead, it would further the aim of the stay and abeyance in affording

7

a small amount of latitude to a *pro se* petitioner in a procedural tight spot.

However, a stay and abeyance cannot be issued where the Petition is already untimely. *See Champney v. Beard*, No. Civ. 1:CV-04-0502, 2005 WL 3179987 at *2 (M.D. Pa. Nov. 29, 2007) ("We do not believe a stay is warranted here until we decide whether the petition was timely."). Here, from the documents before the Court, it cannot be determined if Gillette's Petition is truly timely. While Gillette believes that he only has one day remaining on his limitations period, Magistrate Judge Blewitt determined that it *appeared* that Gillette "has one (1) month remaining on his AEDPA statute of limitations after the PA Supreme Court decides his pending Petition for Allowance of Appeal." (Report and Recommendation at 6-7 n.5, Doc. 5.). From the facts alleged in the Petition, this does appear correct. Using the dates derived from the Pennsylvania Dockets, I determine that Gillette has approximately 29 days remaining on his Section 2244 limitations period.[4] Unfortunately, there are holes in this analysis. In particular, while the limitations period is tolled as to "time during which a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), untimely filing prevents this tolling, and "[t]he mere fact that a court reviewed an application before dismissing it does not necessarily mean that an application was 'properly filed.'" *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006). Here, it is not

---

[4]Section 2244(d)(1)(A) provides that the limitation period in this matter began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Pennsylvania, the time to seek review is "30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed." Pa. R. App. P. 1113(a). Therefore, as the Superior Court denied Gillette's appeal on January 12, 2009, this would have become final for purposes of Section 2254 on February 11, 2009. This period then ran–for 336 days–until the filing of Gillette's PCRA Petition on January 13, 2010. Therefore, it would appear that Gillette has only 29 days remaining on the limitations period.

possible to tell whether Gillette's earlier applications were so properly filed as to toll the limitations period, and there are indications that they were not.  Namely, Gillette's direct appeal was filed over a year after his sentence, and Gillette admits in his petition that at least some of the claims in the instant Petition were time barred.  (Pet. at ¶ 13(b), Doc. 1.) Therefore, it is not possible to determine how much time is remaining on Gillette's Section 2254 Petition, or whether it is at all timely.

Pursuant to the United States Supreme Court's decision in *Day v. McDonough*, 547 U.S. 198, 209-10, (2006), a district court has the authority to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.  In doing so, the parties must be afforded "fair notice and an opportunity to present their positions."  *Id.* at 210.  Similarly, in *U.S. v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005), the Third Circuit held that a district court may raise the one-year statute of limitations on its own motion, provided the petition is afforded notice and an opportunity to respond.  In the instant matter, it would be inappropriate to grant a stay and abeyance on the information presented and inequitable to simply dismiss. Therefore, in accordance with *Day* and *Bendolph*, I will recommit this action to the Magistrate Judge in order to solicit briefs solely as to the timeliness of the petition and to make a renewed determination on this issue.  Of course, pending a determination on this issue, Gillette's habeas Petition remains pending before the Court and is deemed filed on October 5, 2011.

## **CONCLUSION**

In light of Gillette's pending petition for allowance of appeal to the Pennsylvania Supreme Court, Magistrate Judge Blewitt's Report and Recommendation will be adopted to

the extent it finds that Gillette has not exhausted his state court remedies in respect to his Section 2254 Petition. However, the Report and Recommendation will be rejected in recommending that Gillette's Petition be dismissed. A stay and abeyance may be appropriate given the circumstances, and additional information is necessary to determine the exact timeliness of Gillette's Habeas Petition. Therefore, the parties will be directed to submit argument on the issue and the matter will be recommitted to Magistrate Judge Blewitt for further proceedings. An appropriate order follows.


| March 16, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |