IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY K. GILLETTE, | : | CIVIL ACTION NO. **3:CV-11-1838** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KENNETH R. CAMERON, | : | |
| et al., | : | **FILED**<br>**SCRANTON** |
| | : | |
| Respondents | : | JUL 0 9 2012 |

PER_____ m S
DEPUTY CLERK

## MEMORANDUM AND ORDER

### I. Procedural Background.

On September 30, 2011,[1] Petitioner, Gregory K. Gillette, an inmate at the State Correctional Institution at Cresson, Cresson, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner paid the filing fee. (Doc. 3).

On October 13, 2011, we preliminarily reviewed Petitioner's habeas petition and issued a Report and Recommendation ("R&R"). We recommended that Petitioner Gillette's habeas petition (Doc. 1) be dismissed without prejudice to re-file it after he exhausted his state court remedies with respect to his claims. (Doc. 5). Petitioner filed objections. On March 19, 2012, the District Court issued a Memorandum and Order and adopted, in part, our R&R. The Court adopted our R&R with respect to our finding that Petitioner Gillette failed to exhaust his state law remedies regarding his habeas claims. The Court rejected our R&R with respect to our recommendation that

---

[1] Since the habeas petition was signed by Petitioner on September 30, 2011 ( Doc. 1, p.15), under the prison mailbox rule, we construe the petition as being filed on that date. *See Bond v. Visionquest*, 410 Fed. Appx. 510 ( 3d Cir. 2011). The habeas petition was docketed on October 5, 2011.

Petitioner Gillette's habeas petition be dismissed without prejudice. Additionally, the Court noted that a stay and abeyance of Gillette's habeas petition may be warranted, as opposed to a dismissal without prejudice, if his habeas petition was timely filed. (Docs. 9 & 10).

Therefore, the Court recommitted the case to the undersigned Magistrate Judge for further proceedings, directed that all documents in the case be served on Respondents and, directed Respondents to file a response addressing whether Petitioner's habeas petition was timely filed. Petitioner was given time to file a reply. (Doc. 10).

On May 9, 2012, Respondents, after an enlargement of time was granted, filed a 15-sentence Response to the timeliness of the habeas petition as directed by the Court, and Petitioner, on May 23, 2012, filed his corresponding 15-sentence Reply. (Docs. 12 & 13). After review of the Respondents' Response and Petitioner's Reply, on June 27, 2012, we ordered Respondents to produce portions of Petitioner 's state court decisions so that the Court could determine if Petitioner's habeas petition was timely filed under the AEDPA.[2] (Doc. 15). Respondents filed the requested state court documents on June 27, 2012.[3] ( Doc. 16).

---

[2]We also reviewed Petitioner Gillette's Lebanon County Court Criminal Docket which indicated that the Superior Court of Pennsylvania considered Petitioner's direct appeal, which was filed on January 17, 2008. However, Petitioner's Criminal Docket, found at http://ujsportal.pacourts.us/docketsheets/cp.aspx, did not provide enough information about Petitioner's direct appeal and whether it was considered properly filed. Therefore, we issued our stated Order.

[3]We directed Respondents to file the following state court documents:
1. *Commonwealth v. Gillette*, No. 161 MDA 2008, Pennsylvania Superior Court's Memorandum and Order filed on January 12, 2009 (Direct Appeal from Gillette's October 11, 2006 Judgment of Sentence in cases CP-0000187-2006 and CP-38-CR-0001232-2005 (Lebanon County)). (Doc. 16, Ex. A).
2. December 20, 2010 Order of the Court of Common Pleas of Lebanon County in cases

## II. State Procedural Background.

Petitioner was involved in four robberies in the City of Lebanon, Pennsylvania, during December 2004 and January 2005. Petitioner was charged in criminal case numbers CP-0000187-2006 and CP-38-CR-0001232-2005, and these cases were consolidated for trial in the Lebanon County Court. On August 8, 2006, in a consolidated jury trial, Petitioner was convicted of various offenses related to the robberies. Petitioner was sentenced on October 11, 2006, by the Lebanon County Court to serve 24 to 60 years imprisonment. After his sentence was imposed, Petitioner, in timely post-sentence motions with the Lebanon County Court, requested a new trial, claiming, in part, that the trial court erred in denying his pre-trial motion to suppress. Petitioner also requested a judgement of acquittal, arguing that the evidence was insufficient to support his convictions. On December 18, 2007, the Lebanon County Court denied Petitioner's post-sentence motions.

Following the denial of his post-sentence motions, Petitioner filed a direct appeal of his Lebanon County October 11, 2006 judgment of sentence to the Pennsylvania Superior Court on January 17, 2008. Petitioner's appeal was accepted by the Superior Court as timely filed.[4] (Doc.

---

CP-0000187-2006 and CP-38-CR-0001232-2005 dismissing Petitioner's PCRA Petition. (Doc. 16, Ex. B).
3.Memorandum and Order of Pennsylvania Superior Court dated August 15, 2011 affirming the dismissal of Petitioner's PCRA Petition by the Lebanon County Court. (Doc. 16, Ex. C).
4.Pennsylvania Supreme Court's March 30, 2012 Order denying Petitioner's Petition for Allowance of Appeal with respect to the Pennsylvania Superior Court's August 15, 2011 Order. (Doc. 16, Ex. D).

[4]We take judicial notice of the Pennsylvania state court docket sheets in this matter, which are available through Pennsylvania's Unified Judicial Docket System docket research at

16, Ex. A). The Pennsylvania Superior Court affirmed Petitioner's judgment of sentence on January 12, 2009.   (Id.). See Commonwealth v. Gillette, No. 161 MDA 2008, Superior Court of Pennsylvania, Jan. 12, 2009.   Petitioner did not file a Petition for Allowance of Appeal with the PA Supreme Court and that he did not file a writ of certiorari with the U.S. Supreme Court. (Doc. 1, pp. 3-4).

Petitioner filed, pro se,  a Post Conviction Relief Act ("PCRA") Petition on January 13, 2010.[5] (Doc. 16, Ex. C).   Petitioner raised various claims of ineffective assistance of trial counsel and appellate counsel. The Lebanon County Court held a PCRA hearing on August 17, 2010. (Id.). Petitioner's PCRA Petition was dismissed on December 20, 2010, by the Lebanon County Court. (Doc 16, Ex. B). Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court on January 12, 2011. (See Lebanon Count Criminal Docket). The dismissal of Petitioner 's PCRA Petition was

---

http://ujsportal.pacourts.us/, Court of Common Pleas of Lebanon County Criminal Docket Numbers: CP-38-CR-0001232-2005 & CP-38-CR-0000187-2006.

[5]Petitioner in his Reply (Doc. 14, Page 2, ¶ 6) denies the filing  date of his PCRA Petition as January 13, 2010. Petitioner states, "Petitioner's [PCRA] Petition was timely filed pursuant to the 'Prisoner's mailbox rule.'" However the "prisoner's mailbox rule " does not apply to the filing date of Gillette's PCRA petition filed in state court for present purposes. In Burns v. Morton, 134 F. 3d 109, 113 (3d Cir. 1998), the Third Circuit held that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  This mailbox rule applies to all petitions filed by pro se inmates in **federal court**. See Brewington v. Klopotoski, 2010 WL 2710526, *3, n. 3 (E.D. Pa. 2-23-10)(emphasis added). Here, Petitioner has not cited to any case which held that the prison mailbox rule applies to a prisoner's filings  in his underlying state court criminal case for purposes of determining whether his §2254 habeas petition was filed within one year statute of limitations under AEDPA. Petitioner, in his Reply, did cite to  Bond v. Visionquest, 410 Fed. Appx. 510 ( 3d Cir. 2011), however this case applies to Petitions filed in federal, not state court.  Therefore, pursuant to the Lebanon County Criminal Court Docket and according to the Superior Court (Doc. 16, Ex. C), Gilette's PCRA Petition was filed on  January 13, 2010.

affirmed by the Superior Court on August 15, 2011. ( Doc. 16, Ex C). Petitioner then filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania which was denied on March 30, 2012. ( Doc 16, Ex. D).

As stated above, Petitioner is deemed as filing his instant habeas petition on September 30, 2011. In his habeas petition, Petitioner Gillette challenges his August 8, 2006 conviction for robbery, theft, simple assault and conspiracy and, his October 11, 2006 sentence of 24 to 60 years incarceration imposed by the Lebanon County Court of Common Pleas.  Petitioner raises the following four (4) grounds: "Whether trial counsel and appellate counsel were ineffective for failing to call alibi witnesses;" "Whether prosecution knowingly presented false and misleading testimony;" "Whether trial counsel and appellate counsel were ineffective regarding Commonwealth's improper reference to evidence not of record;" and "Whether the sentence Petitioner is serving is violation of the double jeopardy claus[e]." (Doc. 1, pp. 6-10).

Based on the above, it now appears that Petitioner has exhausted his state court remedies.[6] Also, we find that Petitioner's habeas petition, deemed as filed on September 30, 2011, was timely under the AEDPA.

---

[6]"As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c)." *Myers v. Warden of SCI-Albion*, 2010 WL 1838178, *3 (M.D. Pa. 5-6-10) citing *Cone v. Bell,* --- U.S. ----, ----, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009); *Rose v. Lundy,* 455 U.S. 509, 515-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Toulson v. Beyer,* 987 F.2d 984, 986 (3d Cir.1993); *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).
We make no determination as to if Petitioner Gillette has exhausted his state court remedies with respect to his above stated habeas claims. We do not yet have the complete state court record of Petitioner.  Respondents and Petitioner  will be allowed to address the exhaustion issue when they file their respective brief and traverse to the habeas petition.

## III. Discussion.

In consideration of Respondents' Doc. 13 Response, Petitioner's Doc. 14 Reply and the state court records, Doc. 16, along with the Lebanon County Court Criminal Docket, we now find that Petitioner Gillette's habeas petition was timely filed under the AEDPA. We find that Petitioner had 29 days remaining on his one year statute of limitations period when he filed his instant habeas petition on September 30, 2011. The amended provisions of 28 U.S.C. §2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Additionally, " the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). There are four potential starting points for determining  when the statute of limitations begins to run.[7] The applicable period in the instant matter is when Petitioner's judgment of conviction became final, namely, 30 days after the January 12, 2009 decision of the PA Superior Court denying Petitioner 's direct appeal, *i.e.* February 11, 2009.[8] *See Fletcher v. Lawlor*, 2011 WL

---

[7]Section 2244(d)(1)(A) provides that the limitation period in this matter began to run on "the date on which the judgement becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

[8]Petitioner's sentence was imposed on October 11, 2006. He then filed post- sentence motions. Following the denial of his post-sentence motions, Petitioner filed a direct appeal of his sentence to the Pennsylvania Superior Court on January 17, 2008, which was accepted by the Superior Court as properly filed. The Superior Court did not dismiss Petitioner's appeal as untimely and it considered the merits of Petitioner's appellate claims. In its January 12, 2009 Opinion, the Superior Court stated, "We have studied the record and the briefs in this matter, as well as the applicable law. After careful review, we conclude that the trial court's opinion

1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702 (E.D. Pa. 4-5-11)(since
Petitioner did not seek review on direct appeal to the PA Supreme Court after the PA Superior
Court affirmed his judgment of sentence, for purposes of §2244(d)(1)(A), Petitioner's conviction
became final when the 30-day deadline for seeking review in the Pennsylvania Supreme Court
expired). Any time devoted to pursuing a properly filed application for state post-conviction
relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2);
*Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

Petitioner's AEDPA statute of limitations then ran for 11 months and 2 days from
February 11, 2009 until January 13, 2010, when it was tolled on the date Petitioner filed his
PCRA Petition. The trial court dismissed Petitioner's PCRA Petition on December 20, 2010, and
the Superior Court considered the merits of Petitioner's PCRA Petition claims and affirmed the
trial court's order on August 15, 2011. Petitioner's AEDPA statute of limitations was thus tolled
from January 13, 2010 until the PA Supreme Court denied Petitioner's Petition for Allowance
of Appeal on March 30, 2012. Thus, it appears that at the time Petitioner filed his §2254
habeas petition with this federal court on September 30, 2011, he still had 29 days remaining
on his AEDPA statute of limitations.

---

correctly and comprehensively addresses and disposes of Appellant's claims of error.
Accordingly, we affirm Appellant's judgment of sentence, and we do so on the basis of the trial
court's opinion. Trial Court Opinion, 12/18/07." (Doc. 16, Ex. A). *See Commonwealth v.
Gillette*, No. 161 MDA 2008, Superior Court of Pennsylvania, Jan. 12, 2009).

7

**IV. Conclusion**.

Based on the foregoing, we find that Petitioner Gillette's habeas petition was timely filed. We find that a stay and abeyance of Gillette's habeas petition is not warranted. Thus, we will direct Respondents to file any relevant state court records not yet filed, including the Lebanon County Court's December 18, 2007 decision denying Petitioner's post-sentence motions, and to file their Brief addressing the merits of Petitioner's habeas claims. We will allow Petitioner to file a Traverse.[9]

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: July 7 , 2012

---

[9]As noted above, we make no determination as to if Petitioner Gillette has exhausted his state court remedies with respect to his above stated habeas claims, and thus, Respondents and Petitioner can address the exhaustion issue when they file their respective Brief and Traverse to the habeas petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY K. GILLETTE,                    :        CIVIL ACTION NO. **3:CV-11-1838**
                                        :
              Petitioner                :        (Judge Caputo)
                                        :
              v.                        :        (Magistrate Judge Blewitt)
                                        :
KENNETH R. CAMERON,                     :
et al.,                                 :
              Respondents               :

**ORDER**

NOW, this 9ᵗʰ day of July, 2012, **IT IS ORDERED THAT:**

1. Respondents are directed to file, within **fifteen (15) days** of this Order, their Brief addressing the merits of Petitioner's habeas claims. Respondents are also directed to file any relevant state court records of Petitioner Gillette not yet filed, including the Lebanon County Court's December 18, 2007 decision denying Petitioner's post-sentence motions.

2. If he so chooses, Petitioner may file a Traverse in response to Respondents' Brief within **ten (10) days** after being served with Respondents' Brief.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: July 9 , 2012