IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY K. GILLETTE, | : | CIVIL ACTION NO. **3:CV-11-1838** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| KENNETH R. CAMERON, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On October 5, 2011, Petitioner, Gregory K. Gillette, an inmate at the State Correctional Institution at Cresson, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner paid the filing fee. (Doc. 3).

Petitioner Gillette challenges his August 8, 2006 conviction for robbery, theft, simple assault and conspiracy and his October 11, 2006 sentence of 24 to 60 years incarceration imposed by the Lebanon County Court of Common Pleas. In his present habeas petition, Petitioner raises the following four (4) grounds: "Whether trial counsel and appellate counsel were ineffective for failing to call alibi witnesses;" "Whether prosecution knowingly presented false and misleading testimony;" "Whether trial counsel and appellate counsel were ineffective regarding Commonwealth's improper reference to evidence not of record;" and "Whether the sentence Petitioner is serving is violation of the double jeopardy claus[e]." (Doc. 1, pp. 6-10).

Petitioner signed and dated his habeas petition on September 30, 2011.[1] (Id., p. 15). As relief, Petitioner requests this Court to "Order a new trial or Order a new and correct sentencing." (Id.).

On October 13, 2011, we issued a Report an Recommendation recommending that Petitioner's Habeas Petition be dismissed without prejudice in order for Petitioner to exhaust his state court remedies with respect to his claims. (Doc. 5). On March 19, 2012, the District Court adopted the Report and Recommendation with respect to the Petitioner failing to exhaust his state law remedies, but rejected the recommendation that the Petitioner's Habeas Petition be dismissed and ordered the Respondents to respond addressing whether Petitioner's Habeas Petition was timely filed. (Doc. 10). On May 10, 2012, Respondents filed a response to the Petition for Habeas Corpus. (Doc. 13). On May 30, 2012, Petitioner filed a Traverse. (Doc. 14). On July 9, 2012, we issued a Report and Recommendation recommending that Petitioner's Habeas Petition be deemed to have been timely filed and that a stay and abeyance was not warranted. (Doc. 17). We further ordered that Respondents address the merits of Petitioner's Petition. (Id.).

On July 24, 2012, Respondents filed a Response to Petition for Habeas Corpus. (Docs. 18, 19). On August 6, 2012, Petitioner filed a Motion for an Evidentiary Hearing. (**Doc. 21**). With respect to Petitioner's Motion for Evidentiary Hearing (Doc. 21), Petitioner contends that this Court should hold a hearing for him to develop the factual basis of his three (3) ineffective assistance of counsel claims that the trial court dismissed and denied him the opportunity to develop. (Doc. 21).

---

[1]Since the Habeas Petition was signed by Petitioner on September 30, 2011 (Doc. 1, p. 15), under the prison mailbox rule, we construe Petitioner's instant Petition as being filed on that date. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

Petitioner maintains that he is not at fault for failing to develop the factual basis for Grounds 2 and 3. (*Id*.). Based on the discussion below, we will recommend that Petitioner's pending Motion for an Evidentiary Hearing (Doc. 21) be denied as moot.

On August 6, 2012, Petitioner filed "Petitioner's Memorandum of Proposed Findings of Facts and Conclusions of Law in Support of the Application for Writ of Habeas Corpus Relief." (Doc. 22). On August 15, 2012, Petitioner filed a Traverse. (Doc. 23). Thus, Petitioner's habeas petition is ripe for disposition.

**II. State Procedural Background**.

Petitioner was involved in four robberies in the City of Lebanon, Pennsylvania, during December 2004 and January 2005. Petitioner was charged in criminal case numbers CP-0000187-2006 and CP-38-CR-0001232-2005, and these cases were consolidated for trial in the Lebanon County Court of Common Pleas. On August 8, 2006, in a consolidated jury trial, Petitioner was convicted of various offenses related to the robberies. Petitioner was sentenced on October 11, 2006, by the Lebanon County Court to serve 24 to 60 years imprisonment. After his sentence was imposed, Petitioner, in timely post-sentence motions filed with the Lebanon County Court, requested a new trial, claiming, in part, that the trial court erred in denying his pre-trial motion to suppress. Petitioner also requested a judgement of acquittal, arguing that the evidence was insufficient to support his convictions. On December 18, 2007, the Lebanon County Court denied Petitioner's post-sentence motions.

Following the denial of his post-sentence motions, Petitioner filed a direct appeal of his Lebanon County October 11, 2006 judgment of sentence to the Pennsylvania Superior Court on

January 17, 2008. Petitioner's appeal was accepted by the Superior Court as timely filed.[2] (Doc. 16, Ex. A). The Pennsylvania Superior Court affirmed Petitioner's judgment of sentence on January 12, 2009. (*Id*.). *See Commonwealth v. Gillette*, No. 161 MDA 2008, Superior Court of Pennsylvania, Jan. 12, 2009. Petitioner did not file a Petition for Allowance of Appeal with the PA Supreme Court and that he did not file a writ of certiorari with the U.S. Supreme Court. (Doc. 1, pp. 3-4).

Petitioner filed, *pro se*, a Post Conviction Relief Act ("PCRA") Petition on January 13, 2010.[3] (Doc. 16, Ex. C). Petitioner raised various claims of ineffective assistance of trial counsel and appellate counsel. The Lebanon County Court held a PCRA hearing on August 17, 2010. (*Id*.). Petitioner's PCRA Petition was dismissed on December 20, 2010, by the Lebanon County Court.

---

[2]We take judicial notice of the Pennsylvania state court docket sheets in this matter, which are available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/, Court of Common Pleas of Lebanon County Criminal Docket Numbers: CP-38-CR-0001232-2005 & CP-38-CR-0000187-2006.

[3]Petitioner in his Reply (Doc. 14, Page 2, ¶ 6) denies the filing date of his PCRA Petition as January 13, 2010. Petitioner states, "Petitioner's [PCRA] Petition was timely filed pursuant to the 'Prisoner's mailbox rule.'" However the "prisoner's mailbox rule " does not apply to the filing date of Gillette's PCRA petition filed in state court for present purposes. In *Burns v. Morton*, 134 F. 3d 109, 113 (3d Cir. 1998), the Third Circuit held that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." This mailbox rule applies to all petitions filed by *pro se* inmates in **federal court**. *See Brewington v. Klopotoski*, 2010 WL 2710526, *3, n. 3 (E.D. Pa. 2-23-10)(emphasis added). Here, Petitioner has not cited to any case which held that the prison mailbox rule applies to a prisoner's filings in his underlying state court criminal case for purposes of determining whether his §2254 habeas petition was filed within one year statute of limitations under AEDPA. Petitioner, in his Reply, did cite to *Bond v. Visionquest*, 410 Fed. Appx. 510 ( 3d Cir. 2011), however this case applies to Petitions filed in federal, not state court. Therefore, pursuant to the Lebanon County Criminal Court Docket and according to the Superior Court (Doc. 16, Ex. C), Gillette's PCRA Petition was filed on January 13, 2010.

4

(Doc 16, Ex. B). Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court on January 12, 2011. (*See* Lebanon County Criminal Docket). The dismissal of Petitioner 's PCRA Petition was affirmed by the Superior Court on August 15, 2011. (Doc. 16, Ex C). Petitioner then filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania which was denied on March 30, 2012. (Doc 16, Ex. D).

As stated above, Petitioner is deemed to have filed his instant habeas petition on September 30, 2011. In his habeas petition, Petitioner Gillette challenges his August 8, 2006 conviction for robbery, theft, simple assault and conspiracy and, his October 11, 2006 sentence of 24 to 60 years incarceration imposed by the Lebanon County Court of Common Pleas. Petitioner raises the following four (4) grounds: "Whether trial counsel and appellate counsel were ineffective for failing to call alibi witnesses;" "Whether prosecution knowingly presented false and misleading testimony;" "Whether trial counsel and appellate counsel were ineffective regarding Commonwealth's improper reference to evidence not of record;" and "Whether the sentence Petitioner is serving is violation of the double jeopardy claus[e]." (Doc. 1, pp. 6-10).

## III. Discussion.

Respondents contend that Petitioner has failed to exhaust three of his four present habeas claims, specifically, Ground 2, the prosecution knowingly presented false and misleading testimony; Ground 3, trial counsel and appellate counsel were ineffective regarding Commonwealth's improper reference to evidence not of record; and Ground 4, the sentence Petitioner is serving is violation of the double jeopardy clause. (Doc. 1, pp. 6-10). Thus, Respondent maintains that Petitioner has filed a mixed habeas petition and that Petitioner only exhausted his Ground 1 claim,

i.e. trial counsel and appellate counsel were ineffective for failing to call alibi witnesses. (*Id*. at p. 6). Respondents request that the Court dismiss Petitioner's Ground 2, 3 and 4 claims because Petitioner has procedurally defaulted on those claims.

Petitioner's direct appeal to the Pennsylvania Superior Court raised the following issues:

1. Did the trial court commit reversible error in denying [Petitioner's] pretrial motion to suppress the evidence; and

2. Did the Commonwealth present sufficient evidence during the trial of [Petitioner] to sustain convictions for the offenses charged.

(Doc. 16, Ex. A, p. 4).

Petitioner's PCRA petition raised the following issues:

1. Trial counsel was ineffective for failing to introduce alibi witnesses during trial;

2. Appellate counsel was ineffective for failing to raise the lack of alibi witness during the appellate process;

3. Trial counsel was ineffective for failing to investigate, argue and/or preserve prosecutorial misconduct in usage of perjured testimony; and was appellate counsel ineffective for failing to raise meritorious issue on direct appeal; and

4. Trial counsel and appellate counsel were ineffective for failing to argue improper reference to evidence not in the record by the prosecution.

(Doc. 18, Ex. 6, p. 3).

Petitioner filed a second PCRA petition on February 19, 2010 which raised the following issues:

1. Was trial counsel ineffective for failing to call alibi witnesses and was appellate counsel ineffective for failing to raise meritorious issues on direct appeal;

2. Was trial counsel ineffective for failing to investigate, argue and/or preserve prosecutorial misconduct for the use of perjured testimony; and was appellate counsel ineffective for failing to raise the meritorious issue on direct appeal; and

6

    3. Was trial counsel and appellate counsel ineffective for failing to argue improper reference to evidence not in the factual record.

(Doc. 18, Ex. 7, pp. 6-27).

On appeal from the trial court's dismissal of the PCRA petition, Petitioner raised the following issues:

    1. Trial counsel was ineffective for failing to introduce alibi witnesses during trial;

    2. Appellate counsel was ineffective for failing to raise the lack of alibi witness during the appellate process.

(Doc. 16, Ex. C, p. 10).

Upon dismissal of the PCRA petition, Petitioner petitioned for allowance of appeal to the Pennsylvania Supreme Court which was denied on March 30, 2012. (Doc. 16, Ex. D).

In *Myers v. Warden of SCI-Albion*, 2010 WL 1838178, *3 (M.D. Pa. 5-6-10), the Court stated:

> As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Cone v. Bell*, 556 U.S. ----, ----, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009); *Rose v. Lundy*, 455 U.S. 509, 515-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Toulson v. Beyer,* 987 F.2d 984, 986 (3d Cir.1993); *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition ...." *Santana v. Fenton,* 685 F.2d 71, 77 (3d Cir.1982).FN5 The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson,* 805 F.2d at 138.
>
> > FN5. Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner,

7

> *Mayberry v. Petsock,* 821 F.2d 179, 184 (3d Cir.1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt,* 26 F.3d 402, 405 (3d Cir.1994); *Schandelmeier v. Cunningham,* 819 F.2d 52, 55 (3d Cir.1986).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000) (citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d. Cir.1997)).

The *Myers* Court then addressed procedural default of habeas claims and stated:

> "[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is procedural default for the purpose of federal habeas ...." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999). A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *Lines,* 208 F.3d at 166.

> Although the issue is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously

> deem it defaulted. *See Carter v. Vaughn,* 62 F.3d 591, 595 (3d Cir.1995).
> Similarly, procedural default occurs when a petitioner presented the claim
> the state system, but the state court refuses to address the claim on the merits
> because of "a state-law ground that 'is independent of the federal question
> and adequate to support the judgment.' " *Cone,* 129 S.Ct. at 1780 (quoting
> Coleman, 501 U.S. at 729). The purpose of the
> procedural default rule is to prevent habeas petitioners from avoiding the
> exhaustion doctrine by defaulting their claims in state court. *Coleman,* 501
> U.S. at 732.

*Id*. at *4.

Ground 2 of Petitioner's habeas petition asserts that the prosecution knowingly presented false and misleading testimony . (Doc. 1, p. 5). Ground 3 of the petition asserts that trial counsel and appellate counsel were ineffective regarding Commonwealth's improper reference to evidence not of record. (*Id.*, p. 7). Respondent contends that Petitioner did not raise these issues to the Pennsylvania Superior or Supreme Courts. The trial court deemed the issues untimely presented therefore, Petitioner did not exhaust his state court remedies. Petitioner did not raise his Ground 2 or Ground 3 claims before the Pennsylvania Supreme or Superior Court. Petitioner acknowledges that he did not present his Ground 2 or Ground 3 claims because trial counsel and appellate counsel were ineffective and the trial court refused to address the issues on collateral review because the issues were waived under state law or time barred. (*Id.*, pp. 6-7, 10). The PCRA court limited their review to the issue of whether trial counsel was aware of the existence of alibi witnesses and failed to investigate or call such witnesses and whether appellate counsel was ineffective for failing to raise the issue on appeal. (Doc. 18, Ex. 9). The PCRA court concluded that the second PCRA filed by Petitioner on February 19, 2010 which Petitioner filed as a supplemental PCRA contained "new allegations which were not raised within the applicable time frame,

[therefore] we have concluded that these issues have been waived as [Petitioner] has not enunciated a valid exception to the timeliness requirements under the Act." (*Id.*). The dismissal of Petitioner 's PCRA Petition was affirmed by the Superior Court on August 15, 2011. (Doc. 16, Ex. C). Petitioner then filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania which was denied on March 30, 2012. (Doc 16, Ex. D). Petitioner could have raised these issues on direct appeal. Thus, Petitioner has not preserved his Ground 2 and 3 claims for federal habeas review. We find that Petitioner has procedurally defaulted his Ground 2 and 3 claims in his habeas petition and that he has not shown cause and prejudice or a fundamental miscarriage of justice if these claims are not reviewed by the federal court.

Ground 4 of Petitioner's habeas petition asserts that the sentence Petitioner is serving is in violation of the double jeopardy clause. (Doc.1 at p. 8). Petitioner acknowledges in his habeas petition that the issue is waived under state law. (*Id.*, p. 10). Thus, Petitioner has not preserved his Ground 4 claim for federal habeas review. We find that Petitioner has procedurally defaulted his Ground 4 claim in his habeas petition and that he has not shown cause and prejudice or a fundamental miscarriage of justice if this claim is not reviewed by the federal court.

Ground 1 of Petitioner's habeas petition asserts that trial counsel and appellate counsel were ineffective for failing to call alibi witnesses. A claim of ineffective assistance is governed by the 2-prong test set forth by the Supreme Court in *Strickland*: "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland*

10

*v. Washington*, 466 U.S. at 687 (1984), 104 S.Ct. at 2052). The first prong is established by a showing that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*. In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id*. at 686. The court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Id*. It is well established that counsel cannot be ineffective for failing to raise a meritless claim. *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *Peroza-Benitez v. Lawler*, 2011 WL 744762, *3 (E.D. Pa. 2-9-11)("to establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice.")(citations omitted).

The Court in *Grant v. Wilson,* 2009 WL 222945, *6 (W.D. Pa. 1-29-09), stated:

> Because the *Strickland* test is one of objective reasonableness, it does not matter if counsel actually considered the course taken or foregone to determine whether the actions or omissions were objectively reasonable; so long as a hypothetical reasonable attorney could have done the same, there is no ineffectiveness. *Chandler v. United States,* 218 F.3d 1305, 1316 n. 16 (11th Cir.2000). In light of the strong presumption of counsel's effectiveness and the objective reasonableness standard, the Court of Appeals for the Third Circuit has explained, "[i]t is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Kauffman,* 109 F.3d 186, 190 (3d Cir.1997) (*quoting United States v. Gray,* 878 F.2d 702, 711 (3d Cir. 1989)).

The second prong requires the Petitioner to show that the deficient performance prejudiced the defense to the extent that the Petitioner was deprived of a fair trial. *Strickland*, 466 U.S. at 687.

Recently, the United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Harrington v. Richter,* 131 U.S., 770, ---- - ----, 131 S.Ct., 770, 777-78, 178 L.Ed.2d, 624, ---- - ---- (2011)(citations omitted).

Furthermore, a person claiming ineffective counsel has the burden of proving that he or she was prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). Prejudice can be demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

As the *Grant* Court, 2009 WL 222945, *6, pointed out:

> In addition, in undertaking a prejudice analysis, the Court properly considers the strength of the evidence against the defendant because "... a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Buehl v. Vaughn,* 166 F.3d 163, 172 (3d Cir.1999). The *Strickland* test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. *See Strickland,* 466 U.S. at 687; *Dooley v. Petsock,* 816 F.2d 885, 889 (3d Cir.1987). As a result, if a petitioner fails on either prong, he loses. *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir.2000); *Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir.1999).

The *Grant* Court further stated:

> "Th[e] Pennsylvania [ineffective assistance of counsel] standard has been found to be materially identical to the test enunciated in *Strickland v. Werts,* 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" *Strickland,* and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.*, the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland*."

*Grant*, 2009 WL 222945, *8 *(citing Werts,* 228 F.3d at 204).

We find that since the Pennsylvania Superior Court decided Petitioner's ineffective assistance of trial counsel claims under standards that are basically the same as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which requires that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Grant*, 2009 WL 222945, *8.

The Superior Court of Pennsylvania, in its August 15, 2011 decision, affirmed the trial court's dismissal of Petitioner's PCRA, stating that Petitioner's allegations of ineffectiveness of trial counsel in failing to call certain witnesses should be analyzed as follows:

> In order to establish a claim for ineffective assistance of counsel based on the failure to call a witness or witnesses, a defendant must establish that (1) the witness existed; (2) the witness was available to testify; (3) counsel was informed of the existence of the witness or should otherwise have known of him; (4) the witness was prepared to cooperate and testify for defendant at trial; and (5) the absence of the testimony prejudiced defendant so as to deny him a fair trial

*Commonwealth v. Khalifa*, 852 A.2d 1238, 1240 (Pa. Super. 2004)(citations omitted).

(Doc. 16, Ex. C, p. 11).

The Superior Court went on to opine that Petitioner's claim does not entitle him to relief. Petitioner argued that Petitioner and his girlfriend were visiting his sister in Philadelphia during the time of the first robbery. Additionally, Petitioner contended that he informed his counsel that he had alibi witnesses who were willing to testify on his behalf and trial counsel provided ineffective assistance of counsel by failing to interview the witnesses and present their corroborating testimony at trial. The Superior Court relied on the PCRA court who found that the witnesses existed and were available, the witnesses were willing to appear, and the proposed testimony was necessary to avoid prejudice to the Petitioner, but that Petitioner failed to establish that counsel knew or should have known of the existence of the alibi witnesses at the time of trial. The Superior Court looked to the trial court's reasoning:

> In the instant case [the PCRA court finds] the testimony of Trial Counsel and Appellate counsel to be more credible than [Petitioner's]. Each of the attorneys testified that [Appellant had] never indicated to them he had an alibi for any of the robberies. In addition, the letters sent by [Petitioner to appellate counsel] indicate witnesses whom [Petitioner] believed should have been called [at trial] but did not include the witnesses presented on the issue of alibi. Finally and most telling is the testimony of Ms. Nagle and Ms. Gillette . Ms Nagle testified that she told Trial Counsel she wanted to testify, but that she never told him she could provide an alibi. Ms. Gillette testified [that] at the time of trial she was not aware of the dates in question and only "realized" the alibi issue after [Petitioner's] conviction.
>
> Counsel cannot be deemed ineffective for failing to call witnesses for which he was unaware and had no reason to know. Trial counsel indicated [at the PCRA hearing] that he would not [have called] Ms. Nagle [at trial] because she was already under subpoena from the Commonwealth and because of her criminal record. Accordingly, there would have been a reasonable basis for [trial counsel's] conduct.

(Doc. 18, Ex. 9, pp. 21-22).

The Superior Court of Pennsylvania found that Petitioner's ineffective assistance of counsel claim was without merit, specifically stating that the certified record and the prevailing case law support the PCRA court's decision.

We agree with the Superior Court that Petitioner's claim lacks merit in light of the evidence of record. Therefore, Petitioner's claim clearly does not meet the *Strickland* standard for ineffective assistance of counsel and the Superior Court's decision was not contrary to Supreme Court precedents or unreasonable application of Federal law. Therefore, we will recommend that Petitioner's Ground 1 claim of his habeas petition be denied.

As discussed above, we will recommend that Petitioner's Motion for an Evidentiary Hearing (Doc. 21) be denied as moot. We find that the Petitioner has failed to develop a factual basis for his dismissed claims in the state court proceedings, therefore an evidentiary hearing may only be granted if Petitioner shows:

> (1) the claim relies on "a new rule of constitutional law, previously unavailable, but made retroactive to cases on collateral review by the Supreme Court;" or (2) the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence; or (3) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty."

28 U.S.C. § 2254(e)(2).

An evidentiary hearing is not required in order for the Court to decide a habeas petition and in making the determination of whether a hearing is necessary in a case we are mindful of our obligation to do so unless the motion, files and records conclusively show petitioner is not entitled to relief. *See Torres v. United States*, 370 F. Supp. 1348 (E.D.N.Y. 1974). *See also Walker v.*

15

*United States*, 306 F. Supp.2d 215, 222 (N.D.N.Y. 2004); *Collins v. United States*, 418 F. Supp. 577, 579 (E.D.N.Y. 1976). Based on the information presented we find that Petitioner has failed to meet the above criteria and an evidentiary hearing is unnecessary.

**IV. Recommendation.**

Based on the foregoing, we respectfully recommend that Petitioner's Ground 1 claim in his Habeas Petition (**Doc. 1**) be denied on its merits. We further recommend that Petitioner's Ground 2, 3 and 4 claims in his Habeas Petition (**Doc. 1**) be dismissed for procedural default. We also recommend that Petitioner's Motion for an Evidentiary Hearing (**Doc. 21**) be denied.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 1, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY K. GILLETTE, | : | CIVIL ACTION NO. **3:CV-11-1838** |
| Petiti1r | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| KENNETH R. CAMERON, et al., | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 1, 2012**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: October 1, 2012**