# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY K. GILLETTE,** : | **CIVIL ACTION NO. 3:11-1838** |
| **Petitioner** : | |
| v. : | **(JUDGE MANNION**[1]**)** |
| **KENNETH R. CAMERON,** : | |
| **PA STATE ATTORNEY GENERAL,** | |
| and **DISTRICT ATTORNEY OF** : | |
| **LEBANON COUNTY, PA,** | |
| : | |
| **Respondents** | |
| : | |

# **M E M O R A N D U M**

Pending before the court is the report of Magistrate Judge Thomas M. Blewitt, (Doc. No. 24), recommending that the petitioner's habeas corpus petition, (Doc. No. 1), be denied in part and dismissed in part, and that the petitioner's motion for evidentiary hearing, (Doc. No. 21), be denied as moot. The petitioner has filed objections, (Doc. No.25). Based upon the court's review of the report and related materials, the petitioner's objections will be overruled, and the report of Judge Blewitt will be adopted. Further, the court will decline to issue a certificate of appealability.

---

[1]The instant action was originally assigned to the Honorable A. Richard Caputo. By verbal order, on January 4, 2013, the matter was reassigned to the undersigned.

## I.     PROCEDURAL HISTORY

The court has reviewed the procedural background of the instant action as set forth by Judge Blewitt and will adopt the background without reiterating it herein[2].

## II.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also

---

[2]The court notes as a minor exception that there is a reference in the procedural background to a report and recommendation having been filed by Judge Blewitt on July 9, 2012. (Doc. No. 24, p. 2). Upon review, this document is, in fact, a memorandum and order. This distinction has no bearing on the court's decision and it is noted simply for clarification.

2

Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### III. DISCUSSION

As established by the record, the petitioner was charged in two separate criminal informations in the Court of Common Pleas of Lebanon County, see Commonwealth v. Gillette, CP-38-CR-0000187-2006 and CP-38-CR-0001232-2005 (Lebanon Ct. Com. Pl.), which were consolidated for trial. On August 8, 2006, the petitioner was found guilty of robbery, theft, simple assault and conspiracy. On October 11, 2006, the petitioner was sentenced to twenty-four to sixty years imprisonment. On January 17, 2008, the petitioner filed a direct appeal to the Superior Court of Pennsylvania which affirmed the petitioner's conviction on January 12, 2009. See Commonwealth v. Gillette, No. 161 MDA 2008 (Pa.Super.).

The petitioner filed a *pro se* post-conviction petition on January 13, 2010, in which he raised various claims of ineffective assistance of trial and appellate counsel. The petitioner was appointed counsel and a supplemental

3

petition was filed. A hearing on the petition was held which limited the issues to whether trial counsel was aware of the petitioner's alibi witnesses and failed to investigate or call them at petitioner's trial, and whether appellate counsel was ineffective for failing to raise this claim on appeal. The petition was ultimately denied by the trial court on December 20, 2010. The petitioner filed an appeal of the denial to the Pennsylvania Superior Court which affirmed the order of the trial court on August 15, 2011. See Commonwealth v. Gillette, 32 A.3d 834 (Pa.Super. 2011). The petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court which was denied on March 30, 2012.

In the meantime, the petitioner filed the instant petition for writ of habeas corpus, in which he raises the following issues: (1) whether trial counsel and appellate counsel were ineffective for failing to call alibi witnesses; (2) whether the prosecution knowingly presented false and misleading testimony; (3) whether trial counsel and appellate counsel were ineffective regarding the Commonwealth's alleged improper reference to evidence not of record; and (4) whether the sentence petitioner is serving is violation of the double jeopardy clause.

In his report, Judge Blewitt recommends that grounds 2, 3 and 4 of the petition be dismissed as procedurally defaulted and ground 1 of the petition be denied on the merits. In addition, Judge Blewitt recommends that a motion for an evidentiary hearing that the petitioner currently has pending before the

court be denied as moot. The petitioner has filed objections to the report, in which he requests that grounds 1, 2 and 3 be reviewed *de novo* and that his request for an evidentiary hearing be granted.

As to ground 2, wherein the petitioner argues that the prosecution knowingly presented false and misleading testimony, the petitioner concedes that he has procedurally defaulted the claim, but argues that a fundamental miscarriage of justice will occur if this claim is not reviewed by the court because he is "actually innocent" of the allegations against him and has presented "newly reliable evidence" of his innocence.

Where a petitioner has procedurally defaulted on a claim, the default will be excused if a petitioner can demonstrate that a failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show a fundamental miscarriage of justice, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray v. Carrier, 477 U.S. 478, 496 (1986). On several occasions, the Supreme Court has held that the scope of the miscarriage of justice exception is a narrow one. Sawyer v. Whitley, 505 U.S. 333 (1992); McCleskey v. Zant, 499 U.S. 467 (1991); Dugger v. Adams, 489 U.S. 401 (1989). The Supreme Court has suggested

5

that the test for actual innocence is whether there is "a fair probability that, in light of all the evidence, including that to have been . . . wrongly excluded or to have become available only after trial, the trier of the facts would have entertained a reasonable doubt of his guilt." [Kuhlmann v. Wilson, 477 U.S. 436, 454–55 n.17 (1986)](https://...).

With respect to the instant action, the only "new" evidence which the petitioner has presented is the affidavit of an acquaintance and fellow inmate, Renaldo Sonsini, who provides that he was and still is willing to testify on behalf of the petitioner. Mr. Sonsini provides the following in his affidavit concerning the testimony he would provide:

    4.    On December 30, 2004, Robert L. Enkoff and I were together.
    5.    On December 30, 2004, Robert L. Enkoff and I were parked at Zweier's Foodkart. [Petitioner] was not in the car with us.
    6.    [Petitioner] did not rob the Zweier's Foodkart as Mr. Enkoff alleged. [Petitioner] was not with us at Zweier's Foodkart on December 30, 2004.
    7.    Robert L. Enkoff [provided] false testimony against [petitioner]. I know [petitioner] was not present because I was with Robert L. Enkoff at Zweier's on December 30, 2004.

(Doc. No. 22, Ex. A).

Initially, this evidence is not "new" in that it could have been presented at the time of the petitioner's trial. Moreover, the evidence only relates to the robbery which occurred at Zweier's Foodkart, one of four robberies for which the petitioner was convicted. In weighing this evidence with the overwhelming evidence presented at the petitioner's trial which was summarized by the trial

court in its opinion addressing the petitioner's post-conviction petition, it cannot be said that there is a fair probability that the trier of the facts would have entertained a reasonable doubt of the petitioner's guilt. Therefore, the petitioner's objection to Judge Blewitt's finding with respect to Ground 2 of the petition is overruled.

As to Ground 3 of the petition, wherein the petitioner asserts that trial and appellate counsel were ineffective for failing to raise the issue with respect to the Commonwealth's alleged improper reference to evidence not of record, the petitioner again concedes that he has procedurally defaulted on the claim, but argues that he has demonstrated cause and prejudice for his procedural default.

Federal courts may consider the merits of a procedurally defaulted claim where the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law. Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "The Supreme Court has delineated what constitutes 'cause' for the procedural default: the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Werts v. Vaughn, 228 F.3d 178, 192-193 (3d Cir. 2000) (citations omitted). With regard to the prejudice requirement, the habeas petitioner must prove "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 193.

Here, the petitioner argues that the 'cause' for his default was itself ineffective assistance of counsel. "But for ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioners must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust." Tome v. Stickman, 167 Fed.App'x. 320, 325 (3d Cir. 2006) (citing Edwards v. Carpenter, 529 U.S. 446, 451–52 (2000); Murray, 477 U.S. at 489). The petitioner has failed to show that he raised and successfully exhausted his stacked ineffective assistance of counsel claims. Therefore, his objections will be overruled with respect to Ground 3 of his petition.

With respect to Ground 1, wherein the petitioner argues that his trial and appellate counsel were ineffective for failing to call alibi witnesses, the petitioner disagrees with Judge Blewitt's finding that this claim is without merit. Here, the petitioner apparently takes issue with the three-prong ineffective assistance of counsel standard applied by the Pennsylvania courts versus the two-prong standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In doing so, the petitioner argues that the Pennsylvania Superior Court "did not adhere to Strickland's clear mandate in light of all the relevant facts adduced at Petitioner's PCRA Hearing." As a result, the petitioner argues that this court should conclude that the Superior

Court's decision involved an unreasonable application of Strickland.

Where, as in this case, a petitioner's claim was adjudicated on the merits in state court, habeas relief is unwarranted unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

A state court's decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405–06 (2000). A state court's decision involves an "unreasonable application" of federal law when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" inquiry is an objective one. Id. at 409–10. A petitioner can only obtain relief under the unreasonable application provision if he can establish that no reasonable fact finder could have reached the same conclusions as the state court. If some reasonable basis exists for the

9

state court findings habeas relief may not be granted. Campbell v. Vaughn, 209 F.3d 280, 290-92 (3d Cir. 2000), *cert. denied* 531 U.S. 1084. As such, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [clearly established law] incorrectly," Woodford v. Visciotti, 537 U.S. 19, 24–25 (2002) (per curiam) (explaining that a federal habeas court may not "substitute [ ] its own judgment for that of the state court"). Thus, a 'highly deferential standard for evaluating state-court rulings' is imposed. Renico v. Lett, --- U.S. --- (2010) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997)).

With respect to the instant action, to the extent that the petitioner is challenging the standard relied upon by the Pennsylvania courts, the Third Circuit Court of Appeals has held that Pennsylvania's three-prong ineffective assistance of counsel standard is not contrary to Strickland. See Jacobs v. Horn, 395 F.3d 92, 106 n.9 (3d Cir. 2005) (citing Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000)) (holding that Pennsylvania's three-prong test corresponds with Strickland's two-prong test). As such, the ineffective assistance of counsel standard applied by the Pennsylvania trial court in this case was not contrary to clearly established Supreme Court precedent and, to the extent that the petitioner argues otherwise, his objections are overruled.

Moreover, it cannot be said that the Superior Court decision was an unreasonable application of Strickland. In so finding, under Strickland, the

petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. Strickland, 466 U.S. at 687.

In considering the petitioner's ineffective assistance of counsel claim, the Superior Court provided as follows:

> Our standard of review in assessing a PCRA appeal raising ineffective assistance of counsel is well-settled:
>
>> As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court . . . viewed in the light most favorable to the prevailing party.
>>
>> * * *
>>
>> To prevail on a claim that counsel was constitutionally ineffective, [an appellant] must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. A failure to satisfy any prong of [this] test [, also referred to as the Pierce test as it is derived from Commonwealth v. Pierce, 527 A.2d 973 (P)a. 1987)] . . . will require rejection of the claim. In accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [Pierce] test. If an appellant fails to prove by a preponderance of the evidence any of the Pierce prongs, the Court need not address the remaining prongs of the test. To

11

> establish the first prong, an appellant must demonstrate that his claim has arguable merit. In evaluating the second prong, whether counsel had a reasonable basis for his action, we do not question whether there were other more logical courses of action which counsel could have pursued: rather, we must examine whether counsel's decisions had any reasonable basis. Finally, to prove the third prong, prejudice, the appellant must show that but for the act or omission in question, the outcome of the proceedings would have been different.

Commonwealth v. Fitzgerald, 979 A.2d 908, 910-11 (Pa. Super. 2009), *appeal denied*, 990 A.2d 727 (Pa. 2010) (internal quotations and citations omitted).

With regard to a claim that trial counsel provided ineffective assistance in failing to call certain witnesses, this Court has stated,

> In order to establish a claim for ineffective assistance of counsel based on the failure to call a witness or witnesses, a defendant must establish that: (1) the witness existed; (2) the witness was available to testify; (3) counsel was informed of the existence of the witness or should otherwise have known of him; (4) the witness was prepared to cooperate and testify for defendant at trial; and (5) the absence of the testimony prejudiced defendant so as to deny him a fair trial.

Commonwealth v. Khalifa, 852 A.2d 1238, 1240 (Pa. Super. 2004).

Herein, two proposed witnesses testified during the August 17, 2010 PCRA hearing. The crux of their testimony was that Appellant and his girlfriend, Kim Nagle, were visiting his sister, Phyllis Gillette, in Philadelphia from December 17 until December 19, 2004, thus providing an alibi for the first of the four robberies. Appellant contends that he informed counsel he had alibi witnesses who were willing and able to testify on his behalf, and trial counsel provided ineffective assistance by failing to interview Ms. Gillette and Ms. Nagle and present their corroborating

testimony at trial. Appellant's Brief at 9.

The PCRA Court determined that Appellant established three of the four elements of Kahlifa, supra; the witnesses existed and were available, the witnesses were willing to appear, and the proposed testimony was necessary to avoid prejudice to Appellant. However, the PCRA court concluded that Appellant failed to establish that counsel knew or should have known of the existence of Appellant's alibi witnesses at the time of trial. The trial court reasoned as follows:

> In the instant case [the PCRA court finds] the testimony of Trial Counsel and Appellate Counsel to be more credible than [Appellant's]. Each of the attorneys testified that [Appellant had] never indicated to them he had an alibi for any of the robberies. In addition, the letters sent by [Appellant to appellate counsel] indicate witnesses whom [Appellant] believed should have been called [at trial] but did not include the witnesses presented on the issue of alibi. Finally and most telling is the testimony of Ms. Nagle and Ms. Gillette. Ms. Nagle testified that she told Trial Counsel she wanted to testify, but that she never told him she could provide an alibi. Ms. Gillette testified [that] at the time of trial she was not aware of the dates in question and only "realized" the alibi issue after [Appellant's] conviction.
>
> Counsel cannot be deemed ineffective for failing to call witnesses for which he was unaware and had no reason to know. Trial Counsel indicated [at the PCRA hearing] that he would not [have called] Ms. Nagle [at trial] because she was already under subpoena from the Commonwealth and because of her criminal record. Accordingly, there would have been a reasonable basis for [trial counsel's] conduct.

PCRA Court Opinion, 12/20/2010, at 21-22.

The certified record and prevailing case law support the PCRA court's conclusion. See Commonwealth v. Auker, 681 A.2d 1305, 1319 (Pa. 1996) (Failure to call a witness is not *per se* ineffective assistance of counsel, for such a decision implicates

13

matters of trial strategy.).

(Doc. No. 16, Ex. C).

Based upon the deferential standard applied to the state court's findings, the Pennsylvania Superior Court's conclusion rejecting petitioner's ineffective assistance of counsel claim did not involve an unreasonable application of federal law. The state court identified the proper standard and, in light of the facts before it, properly applied those facts to the law. It is clear from the facts presented that counsel had no reason to know of the existence of the petitioner's alibi witnesses at the time of trial. Therefore, failure to call any such witnesses cannot be said to be ineffective. Moreover, with respect to Ms. Nagle, Strickland and its progeny make clear that a counsel's strategic choices will not be second guessed by post-hoc determinations that a different trial strategy may have yielded a better result. Strickland, 466 U.S. at 689; see also Darden v. Wainwright, 477 U.S. 168 (1986).

In light of the above, the court finds that the Superior Court's decision denying the ineffective assistance of counsel claim based upon counsel's failure to call alibi witnesses was not contrary to or an unreasonable application of federal law and the petitioner's objections to Judge Blewitt's finding on Ground 1 of the petition are overruled.

The petitioner has not filed any objection to Judge Blewitt's recommendation that ground 4 of the petition be dismissed as procedurally defaulted. The court has reviewed Judge Blewitt's determination with respect

to ground 4 and finds no clear error of record. The recommendation with respect to ground 4 will therefore be adopted.

With respect to the petitioner's request for an evidentiary hearing, the petitioner argues that he has the affidavit of Mr. Sonsini which proves that a Commonwealth witness testified falsely and that the Commonwealth knew or should have known of this as argued with respect to Ground 2 above. The petitioner therefore requests the court to review Ground 2 and permit an evidentiary hearing to demonstrate that no reasonable fact finder would have found him guilty.

A district court has discretion to grant an evidentiary hearing if the petitioner meets the limitations of §2254(e)(2). Goldblum v. Klem, 510 F.3d 204, 220–21 (3d Cir. 2007). The decision to hold an evidentiary hearing should focus on whether the hearing would be meaningful. Campbell v. Vaughn, 209 F.3d at 287. A petitioner bears the burden of "forecast[ing] . . . evidence beyond that already contained in the record' that would help his cause, 'or otherwise ... explain[ing] how his claim would be advanced by an evidentiary hearing.'" Id. (quoting Cardwell v. Greene, 152 F.3d 331, 338 (4th Cir. 1998)). An evidentiary hearing "is not required on issues that can be resolved by reference to the state record." Id. at 221 (quoting Schriro v. Landrigan, 550 U.S. 465, 474 (2007)). For the reasons set forth in the court's discussion of Count 2 above, this court finds, as did Judge Blewitt, that the petitioner's request for evidentiary hearing is moot and should be denied.

Finally, pursuant to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability should issue. Pursuant to 28 U.S.C. §2253(c)(2), a habeas court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." Where a petition is denied on the merits, "the showing required to satisfy §2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the petition is dismissed on procedural grounds, a certificate is not warranted unless the petitioner demonstrates that jurists of reason would find debatable (1) whether the petition states a valid claim of a denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. Id. The petitioner has satisfied neither showing in the instant action. Therefore, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

On the basis of the foregoing, the petitioner's objections will be

overruled, and the report of Judge Blewitt will be adopted. Further, a certificate of appealability will not issue. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 11, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-1838-01.wpd